**Darrell Lee SHAFER, Petitioner—Appellant,**

v.

**Maggie MILLER–STOUT, Respondent—Appellee.**

No. 03–35254.

D.C. No. CV–00–00419–CI.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided May 4, 2004.

Bevan J. Maxey, Esq., Spokane, WA, Darrell Lee Shafer, Airway Heights, WA, for Petitioner–Appellant.

Donna H. Mullen, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM **

Darrell Lee Shafer, a prisoner in the state of Washington, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Washington. The district court denied the petition. We have jurisdiction under 28 U.S.C. § 2254, and we affirm.

In 1996, a Yakima County jury convicted Shafer on five counts of First Degree Rape of Child, two counts of First Degree Child Molestation, and one count of Attempted First Degree Child Molestation, all arising from Shafer's rape and molestation of three young girls. At trial, the prosecution presented two expert witnesses: Robyn Light, an expert in interviewing child sexual abuse victims; and Dr. Roy Simms, a pediatrician who had conducted a physical examination of one of Shafer's alleged victims.

Shafer contends that the trial court erred in admitting the testimony of Ms. Light and Dr. Simms, and that these errors violated his right to due process. Shafer argues that the district court should not have admitted Ms. Light's testimony because: (1) the sensory perception hypothesis on which her testimony was based is not an accepted or scientifically supported theory; (2) her testimony was based on out-of-court statements made by Shafer's alleged victims to a third party; and (3) her testimony improperly vouched for the credibility of the alleged victims. Shafer contends that the district court should not have admitted Dr. Simms's testimony because his diagnosis that one of Shafer's alleged victims had been abused was based solely on statements made by the alleged victim.

Even if we were to assume that the admission of the contested testimony was erroneous, that would not in itself supply a ground for habeas relief under clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d). For that reason, we deny Shafer's petition. The United States Supreme Court has squarely held that not every evidentiary error at trial is sufficiently prejudicial to warrant habeas relief. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." *Id.* at 637, 113 S.Ct. 1710 (internal quotation marks omitted). An evidentiary error is harmless unless "record review leaves the conscientious judge in grave doubt about the likely effect of an error on the jury's verdict." *O'Neal v. McAninch,* 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). We consider "what effect the error had or reasonably may be taken to have had upon the jury's decision." *Kotteakos v. United States,* 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

There was overwhelming evidence, independent from the testimony of Ms. Light and Dr. Simms, by which the jury could only have determined Shafer's guilt. Particularly notable was the testimony of Lisa Ulrey, Shafer's former girlfriend and the mother of one of Shafer's victims, who at the time of Shafer's trial had pled guilty to being an accomplice to Shafer's alleged crimes. Ms. Ulrey testified that on many occasions she witnessed Shafer's sexual abuse of her daughter. In addition, the

jury heard testimony from each of Shafer's alleged victims. Thus, the total evidence presented does not establish that any evidentiary error had a "substantial and injurious effect or influence in determining the jury's verdict," *Kotteakos,* 328 U.S. at 776, 66 S.Ct. 1239; *see also Brecht,* 507 U.S. at 637, 113 S.Ct. 1710. Because Shafer failed to demonstrate that the Washington Court of Appeals's decision was contrary to, or involved an unreasonable application of, clearly established federal law, the district court did not err in denying his petition. 28 U.S.C. § 2254(d).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.